UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **DAVID OPPENHEIMER,** § | | |
| Plaintiff § | CA No. _____ | |
| § | | |
| § | | |
| v. § | | |
| § | | |
| **CALVIN VAN NOORD, VAN NOORD** § | | |
| **& ASSOCIATES, INC. AND NICHOLAS** § | | |
| **STUART EPPINGA, Defendants** § | **JURY DEMANDED** | |
| § | | |

## PLAINTIFF'S ORIGINAL PETITION

1. Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, Calvin Van Noord ("Van Noord"), Van Noord & Associates, Inc. ("VNA"), and Nicholas Stuart Eppinga ("Eppinga"), collectively called "Defendants," alleges:

### JURISDICTION/VENUE

2. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.), and 17 U.S.C. § 1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA").

3. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## THE PARTIES

4. Plaintiff is a citizen of North Carolina engaged in the business of professional photography who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

5. Van Noord is a principal of VNA who resides at 17 E 8TH ST, HOLLAND, MI 49423-3501, OTTOWA COUNTY, MI, where he will receive actual notice of this filing, by personal service of process upon him.

6. VNA is in the business of appraising real estate whose principal place of business is in Holland, MI. VNA's registered agent for service of process is Van Noord. VNA will receive actual notice of this filing by service upon its Registered Agent at the registered address for process, at 17 E 8TH ST, HOLLAND, MI 49423-3501, OTTOWA COUNTY, MI.

7. Eppinga is in the business of designing internet web sites, and on information and belief, his principal place of business is in Grand Rapids, Kent County, MI. Eppinga will receive actual notice of this filing by service upon him at his home, 247 DIAMOND AVE SE, GRAND RAPIDS, MI 49506-1525.

## INTRODUCTORY FACTS

8. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in certain photographs known as *"2012 Events and Travels by David Gordon Oppenheimer"* (**Exhibit A, Copyright Registration**). One photograph deposited with this application for registration is at issue in this case (**Exhibit B**, **Image**). Oppenheimer has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all

other United States laws governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights to the said photograph.

9. Oppenheimer owns certain rights in and to Copyright Registration Number VAu 1-108-074 issued on July 16, 2012 by the U. S. Registrar of Copyrights in Washington, D.C. for photographs deposited with and covered by said registration.

10. Oppenheimer's copyrights in the above-described works are presently valid and subsisting, and was valid and subsisting from the moment of their creation in the year 2012, and all conditions precedent to the filing of this suit have occurred.

## CONTEXTUAL & INFRINGEMENT FACTS

11. On February 17, 2014, Oppenheimer discovered that his image of Wild Dunes Resort had been "scraped" from the Internet, and placed onto VNA's website at www.vn-a.com (**Exhibit C, Screen Capture**).

12. September – December, 2014, Oppenheimer emailed Van Noord numerous times about the infringement, but received no response. (**Exhibit D, Oppenheimer's Initial Contacts**)

13. In August, 2016, Oppenheimer's counsel communicated with Van Noord, but received no response to that email (**Exhibit E, Counsel Communication**).

14. In January, Van Noord retained counsel, and settlement efforts were attempted.

15. Settlement efforts have proved unsuccessful, and so this suit was filed.

## VICARIOUS LIABILITY OF VAN NOORD

16. Oppenheimer realleges and incorporates paragraphs 1 – 15 hereinabove as if recited *verbatim*.

17. Pleading further but without waiver of the foregoing, Oppenheimer shows that Defendant Van Noord is the registered agent, and a principal of VNA.

18. On information and belief, Van Noord owns much of VNA's stock, controls nearly all decisions of VNA, and is the dominant influence in the company. On information and belief, Van Noord provided hands-on decision making in the activities of VNA, making many of the decisions of the company. On information and belief, Van Noord retained the "freelance designer," Eppinga, thereby controlling the designer's infringing activities. He also had an obvious and direct financial interest in the infringing activity.

19. In addition, the conduct of VNA as described above was performed and accomplished through the direction, control and conduct of Van Noord personally, as owner, officer, director or manager of VNA. Van Noord had the ability to prevent VNA from infringing Oppenheimer's images and/or to stop the infringements once they began. Additionally, on information and belief, Van Noord received pecuniary benefit from VNA's acts of infringement.

20. Accordingly, Van Noord is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the actions of VNA.

## CAUSES OF ACTION

21. Plaintiff re-alleges and incorporates, as if set forth herein, paragraphs 1 through 15 above.

22. Defendants have infringed Plaintiff's copyrights in and to the above-described image by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photographs within the United States in violation of the copy rights of Title 17.

23. Additionally, Defendants violated the DMCA by removing or obscuring Oppenheimer's copyright management information ("CMI").

24. In creating the derivative identified above, one, the other, or both Defendants intentionally removed, obscured, and/or omitted Plaintiff's CMI from copies of Plaintiff's works.

25. One, the other, or both Defendants distributed copies or derivatives of such works knowing that such CMI had been removed, obscured, or omitted without authorization.

26. At the time Plaintiff's copyright management information was removed, obscured, or omitted from copies of his work, and at the time they distributed copies of the works from which the copyright management information had been removed, obscured, or omitted, one, the other, or both Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of Oppenheimer's copyrights.

27. Oppenheimer is entitled and seeks to recover statutory damages from Defendants not exceeding $25,000 for *each act* committed in violation of his rights under 17 U.S.C. § 1202.

28. Pursuant to 17 U.S.C. § 1203(b)(5), Oppenheimer is entitled and seeks to recover his reasonable attorney's fees.

## CAUSATION/DAMAGES

29. As a direct and proximate result of Defendants' above-described acts of copyright infringement and DMCA violations, Oppenheimer has sustained actual damages in an amount not yet ascertained, but which is believed to be in excess of $150,000. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue; disgorgement of defendants' profits attributable to their infringements; statutory damages; research time tracking down and documenting the infringements; attorney time spent placing joint infringers on notice of the infringements; and getting the images removed from servers and web sites. In addition to damages for copyright infringement, Plaintiff seeks recovery of DMCA penalties as set out in paragraphs 22 - 28 above.

**RELIEF REQUESTED**

30.     Oppenheimer demands an accounting by Defendants of their activities in connection with their infringements of his copyrights in and to the above-described and attached works, as well as their gross profits and income derived therefrom.

31.     Oppenheimer is entitled and seeks to recover actual damages plus the profits of Defendants attributable to the infringements, as well as DMCA penalties not exceeding $25,000 for each act committed of his rights under 17 U.S.C. § 1202.

32.     Alternatively, because the image was registered prior to Defendants' infringements, Oppenheimer is entitled to and seeks to recover statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars), plus reasonable and necessary attorney's fees.

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

33.     Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images;

34.     That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Defendants;

35.     That Defendants be required, jointly and severally, to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which

are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendants' copyright infringements described herein;

   36. That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

   37. That Defendants jointly and severally be ordered to pay to Oppenheimer his costs and attorney's fees; and

   38. That Oppenheimer have such other and further relief as this court shall deem just and proper.

   **DEMAND FOR JURY TRIAL.**

   **Plaintiff, David Oppenheimer, demands a jury trial in this cause of action.**

           Respectfully submitted,

           */s Dana A. LeJune*
   By: _____
           Dana A. LeJune
           TBN: 12188250
           6525 Washington Avenue
           Suite 300
           Houston, Texas  77007
           713.942.9898 Phone
           713.942.9899 Facsimile
           dlejune@triallawyers.net