UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DAVID OPPENHEIMER,

    Plaintiff,

v.

CALVIN VAN NOORD, VAN NOORD
& ASSOCIATES, INC. AND NICHOLAS
STUART EPPINGA,

    Defendants.

Case No. 1:17-cv-00168-RJJ-RSK

Chief Judge Robert J. Jonker
Magistrate Judge Ray Kent

### DEFENDANT EPPINGA'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Nicholas Stuart Eppinga ("Eppinga"), by and through counsel, Willis Law, states the following as Answer to the Complaint filed by Plaintiff David Oppenheimer:

1. Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, Calvin Van Noord ("Van Noord"), Van Noord & Associates, Inc. ("VNA"), and Nicholas Stuart Eppinga ("Eppinga"), collectively called "Defendants," alleges:

    **ANSWER:**    No answer required.

### JURISDICTION/VENUE

2. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. Seq.*, (hereinafter the Copyright Act.), and 17 U.S.C. § 1202 *et. Seq.* of the Digital Millennium Copyright Act ("DMCA").

    **ANSWER:**    Admitted that Plaintiff's Complaint is based upon these



Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLISLAWYERS.COM

statutes.

3. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright law of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

**ANSWER:** **Admitted.**

## THE PARTIES

4. Plaintiff is a citizen of North Carolina engaged in the business of professional photography who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

**ANSWER:** **Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.**

5. Van Noord is a principal of VNA who resides at 17 E 8TH ST, HOLLAND, MI 49423-3501, OTTOWA [sic] COUNTY, MI, where he will receive actual notice of this filing by personal service of process upon him.

**ANSWER:** **Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.**

6. VNA is in the business of appraising real estate whose principal place of business is in Holland, MI. VNA's registered agent for the service of process is Van Noord. VNA will receive actual notice of this filing by service upon its Registered Agent at the registered address for process, at 17 E 8TH ST, HOLLAND, MI 49423-3501, OTTOWA [sic] COUNTY, MI.



Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLISLAWYERS.COM

      **ANSWER:   Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.**

7. Eppinga is in the business of designing internet web sites, and on information and belief, his principal place of business is in Grand Rapids, Kent County, MI. Eppinga will receive actual notice of this filing by service upon him at his home, 247 DIAMOND AVE SE, GRAND RAPIDS, MI 49506-1525.

      **ANWER:   Denied as to the address, as Eppinga currently resides in Kalamazoo, MI.**

## INTRODUCTORY FACTS

8. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in certain photographs known as *"2012 Events and Travels by David Gordon Oppenheimer"* **(Exhibit A, Copyright Registration).** One photograph deposited with this application for registration is at issue in this case **(Exhibit B, Image).** Oppenheimer has compiled in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States law governing copyrights, and has secured the exclusive rights and privilege in and to the copyrights to the said paragraph.

      **ANSWER:   Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.**

9. Oppenheimer owns certain rights in and to Copyright Registration Number VAu 1-108-074 issued on July 16, 2012 by the U.S. Registrar of Copyrights in



Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLISLAWYERS.COM

Washington, D.C. for photographs deposited with and covered by said registration.

**ANSWER: Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.**

10. Oppenheimer's copyrights in the above-described works are presently valid and subsisting, and was valid and subsisting from the moment of their creation in the year 2012, and all conditions precedent to the filing of this suit have occurred.

**ANSWER: Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.**

## CONTEXTUAL & INFRINGEMENT FACTS

11. On February 17, 2014, Oppenheimer discovered that his image of Wild Dunes Resort had been "scraped" from the Internet, and placed onto VNA's website at www.vn-a.com **(Exhibit C, Screen Capture).**

**ANSWER: Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.**

12. September – December, 2014, Oppenheimer emailed Van Noord numerous times about the infringement, but received no response, **(Exhibit D, Oppenheimer's Initial Contacts).**

**ANSWER: Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.**

13. In August, 2016, Oppenheimer's counsel communicated with Van Noord, but received no response to that email **(Exhibit E, Counsel Communication).**

**ANSWER: Eppinga lacks knowledge or information sufficient to form a**



Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLISLAWYERS.COM

belief as to the truth of this allegation.

14. In January, Van Noord retained counsel, and settlement efforts were attempted.

    **ANSWER:** Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

15. Settlement efforts have proved unsuccessful, and so this suit was filed.

    **ANSWER:** Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

## VICARIOUS LIABILITY OF VAN NOORD

16. Oppenheimer realleges and incorporates paragraphs 1-15 hereinabove as f [sic] recited *verbatim*.

    **ANSWER:** Eppinga incorporates by reference answers to paragraph 1-15 above.

17. Pleading further but without waiver of the foregoing, Oppenheimer shows that Defendant Van Noord is the registered agent, and a principal of VNA.

    **ANSWER:** Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

18. On information and belief, Van Noord owns much of VNA's stock, control nearly all decisions of VNA, and I the dominant influence in the company. On information and belief, Van Noord provided hand-on decision making in the activities of VNA, making many of the decision of the company. On information and belief, Van Noord retained the "freelance designer," Eppinga, thereby controlling the designer's infringing activities. He also had an obvious and direct financial interest in the infringing activity.



Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLISLAWYERS.COM

**ANSWER:** Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

19. In addition, the conduct of VNA as described above was performed and accomplished through the direction, control and conduct of Van Noord personally, as owner, officer, director or manager of VNA. Van Noord had the ability to prevent VNA from infringing Oppenheimer's images and/or to stop the infringements once they began. Additionally, on information and belief, Van Noord received pecuniary benefit from VNA' acts of infringement.

**ANSWER:** Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

20. Accordingly, Van Noord is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the actions on VNA.

**ANSWER:** Eppinga lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

## CAUSES OF ACTION

21. Plaintiff re-allege and incorporates, as if set forth herein, paragraphs 1 through 15 above.

**ANSWER:** Eppinga incorporates by reference answers to paragraph 1-20 above.

22. Defendants have infringed Plaintiff' copyrights in and to the above-described image by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photographs within the United States in violating of the copy rights of Title 17.



Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLISLAWYERS.COM

**ANSWER:** Denied.

23. Additionally, Defendants violated the DMCA by removing or obscuring Oppenheimer's copyright management information ("CMI").

**ANWER:** Denied.

24. In creating the derivative identified above, one, the other, or both Defendants intentionally removed, obscured, and/or omitted Plaintiff's CMI from copies of Plaintiff's works.

**ANSWER:** Denied.

25. One, the other, or both Defendants distributed copies or derivatives of such work knowing that such CMI had been removed, obscured, or omitted without authorization.

**ANSWER:** Denied.

26. At the time Plaintiff's copyright management information was removed, obscured, or omitted from copies of his work, and at the time they distributed copies of the work from which the copyright management information had been removed, obscured, or omitted, one, the other, or both Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of Oppenheimer's copyrights.

**ANSWER:** Denied.

27. Oppenheimer is entitled and seek to recover statutory damages from Defendants not exceeding $25,000 for *each act* committed in violation of his rights under 17 U.S.C. § 1202.

**ANSWER:** Denied.

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLISLAWYERS.COM

28. Pursuant to 17 U.S.C. 1203(b)(5), Oppenheimer is entitled and seek to recover his reasonable attorney's fees.

**ANSWER:** Denied.

### CAUSATION/DAMAGES

29. As a direct and proximate result of Defendant's above-described acts of copyright infringement and DMCA violations, Oppenheimer has sustained actual damages in an amount not yet ascertained, but which is believed to be in excess of $150,000. Such actual damage include, but are not limited to, lost profits and/or lost licensing revenue; disgorgement of defendant' profits attributable to their infringements; statutory damages; research time tracking down and documenting the infringements; attorney time pent placing joint infringers on notice of the infringements; and getting the images removed from servers and web sites. In addition to damages for copyright infringement, Plaintiff eek recovery of DMCA penalties as set out in paragraphs 22-28 above.

**ANSWER:** Denied.

### RELIEF REQUESTED

WHEREFORE, Defendant Nicholas Stuart Eppinga requests the Court deny Plaintiff's Complaint and award further relief as deemed fair and equitable by this Court.

### AFFIRMATIVE DEFENSES

Defendant Nicholas Stuart Eppinga, by and through counsel, Willis Law, incorporates his Answer by reference and further states by way of affirmative defense:

1. Plaintiff's claims are barred by failure to state a claim upon which relief may be granted.



491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLISLAWYERS.COM

2. Plaintiff's claims are barred by fraud, mistake, or other inaccuracy contained in Plaintiff's allegations.

3. Plaintiff failed to mitigate his damages.

4. Eppinga reserves the right to add additional affirmative defenses made known to him through discovery in this matter.

WHEREFORE, Defendant Nicholas Stuart Eppinga requests the Court deny Plaintiff's Complaint and award further relief as deemed fair and equitable by this Court.

Dated: May 5, 2017

/s/ *Shaun Patrick Willis*
Shaun Patrick Willis (P62441)
WILLIS LAW
*Attorney for Defendant Eppinga*
491 W. South Street
Kalamazoo, MI  49007
(269) 492-1040
spwillis@willis.law



**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLISLAWYERS.COM

9