UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID OPPENHEIMER,

        Plaintiff,                    CASE NO.  1:17-CV-00168-RJJ-RSK

v

                                     HONORABLE ROBERT J. JONKER

CALVIN VAN NOORD, VAN NOORD &
ASSOCIATES, INC., and NICHOLAS STUART
EPPINGA,

        Defendants.

---

Dana L. LeJune  (TBN 12188250)
6525 Washington Avenue
Suite 300
Houston, TX  77007
713-942-9898
dlejune@triallawyers.net

Scott Anthony Noto  (P67833)
WILLIS LAW
Attorneys for Defendant Nicholas Eppinga
30 Jefferson Ave., SE
Grand Rapids, MI  49503
snoto@willislawyers.com

Thomas W. Aycock (P69231)
Sheila E. Eddy (P76395)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Defendants Calvin Van Noord and
   Van Noord & Associates, Inc.
100 Monroe Center NW
Grand Rapids, MI 49503-2802
616-774-8000
taycock@shrr.com
seddy@shrr.com

---

### DEFENDANTS CALVIN VAN NOORD AND VAN NOORD & ASSOCIATES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY DEMAND

       NOW COME Defendants, Calvin Van Noord and Van Noord & Associates, Inc. ("Defendants"),

by and through their attorneys, Smith Haughey Rice & Roegge, state for their Answer to the Plaintiff's

Complaint as follows:

1.     Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, Calvin Van Noord ("Van Noord"), Van Noord & Associates, Inc. ("VNA"), and Nicholas Stuart Eppinga ("Eppinga"), collectively called "Defendants," alleges:

**ANSWER:** **No factual allegations are contained in paragraph 1; therefore, no answer is required.**

## JURISDICTION/VENUE

2.     Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.), and 17 U.S.C. § 1202 *et seq*. of the Digital Millennium Copyright Act ("DMCA").

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2.**

3.     Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 139l(b) and (c).

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.**

## THE PARTIES

4.     Plaintiff is a citizen of North Carolina engaged in the business of professional photography who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.**

5.     Van Noord is a principal of VNA who resides at 17 E 8TH ST, HOLLAND, MI 49423-3501, OTTOWA *[sic]* COUNTY, MI, where he will receive actual notice of this filing, by personal service of process upon him.

**ANSWER:** **Defendants admit that Van Noord is a principal of VNA. Further answering, Defendants deny the remaining allegations contained in paragraph 5.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4038343.v1

6.      VNA is in the business of appraising real estate whose principal place of business is in Holland, MI. VNA's registered agent for service of process is Van Noord. VNA will receive actual notice of this filing by service upon its Registered Agent at the registered address for process, at 17 E 8TH ST, HOLLAND, MI 49423-3501, OTTOWA *[sic]* COUNTY, MI.

**ANSWER:    Defendants admit that Van Noord is the registered agent of VNA, that VNA is in the business of appraising real estate, and that VNA's principal place of business is in Holland, Michigan. Further answering, Defendants deny the remaining allegations contained in paragraph 6.**

7.      Eppinga is in the business of designing internet web sites, and on information and belief, his principal place of business is in Grand Rapids, Kent County, MI. Eppinga will receive actual notice of this filing by service upon him at his home, 247 DIAMOND AVE SE, GRAND RAPIDS, MI 49506-1525.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7.**

## INTRODUCTORY FACTS

8.      Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in certain photographs known as *"2012 Events and Travels by David Gordon Oppenheimer"* (**Exhibit *A*, Copyright Registration**). One photograph deposited with this application for registration is at issue in this case (**Exhibit B, Image**). Oppenheimer has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights to the said photograph.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

9.      Oppenheimer owns certain rights in and to Copyright Registration Number VAu 1- 108-074 issued on July 16, 2012 by the U.S. Registrar of Copyrights in Washington, D.C. for photographs deposited with and covered by said registration.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.**

10.      Oppenheimer's copyrights in the above-described works are presently valid and subsisting, and was valid and subsisting from the moment of their creation in the year 2012, and all conditions precedent to the filing of this suit have occurred.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10.**

## CONTEXTUAL & INFRINGEMENT FACTS

11.      On February 17, 2014, Oppenheimer discovered that his image of Wild Dunes Resort had been "scraped" from the Internet, and placed onto VNA's website at www.vn-a.com (**Exhibit C, Screen Capture**).

**ANSWER:    Defendants deny the allegations contained in paragraph 11.**

12.      September - December, 2014, Oppenheimer emailed Van Noord numerous times about the infringement, but received no response. (**Exhibit D, Oppenheimer's Initial Contacts**)

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12.**

13.      In August, 2016, Oppenheimer's counsel communicated with Van Noord, but received no response to that email (**Exhibit E, Counsel Communication**).

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13.**

14.      In January, Van Noord retained counsel, and settlement efforts were attempted.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4038343.v1

15.     Settlement efforts have proved unsuccessful, and so this suit was filed.

**ANSWER:   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15.**

<u>**VICARIOUS LIABILITY OF VAN NOORD**</u>

16.     Oppenheimer realleges and incorporates paragraphs 1 - 15 hereinabove as if recited *verbatim*.

**ANSWER:   Defendants repeat and incorporate their answers to the allegations contained in paragraphs 1 through 15 of Plaintiff's Complaint as though fully restated herein.**

17.     Pleading further but without waiver of the foregoing, Oppenheimer shows that Defendant Van Noord is the registered agent, and a principal of VNA.

**ANSWER:   Defendants admit that Van Noord is the registered agent and is a principal of VNA. Further answering, Defendants deny the remining allegations contained in paragraph 17.**

18.     On information and belief, Van Noord owns much of VNA's stock, controls nearly all decisions of VNA, and is the dominant influence in the company. On information and belief, Van Noord provided hands-on decision making in the activities of VNA, making many of the decisions of the company. On information and belief, Van Noord retained the "freelance designer," Eppinga, thereby controlling the designer's infringing activities. He also had an obvious and direct financial interest in the infringing activity.

**ANSWER:   Defendants deny the allegations contained in paragraph 18.**

19.     In addition, the conduct of VNA as described above was performed and accomplished through the direction, control and conduct of Van Noord personally, as owner, officer, director or manager of VNA. Van Noord had the ability to prevent VNA from infringing Oppenheimer's images and/or to stop the infringements once they began. Additionally, on information and belief, Van Noord received pecuniary benefit from VNA's acts of infringement.

**ANSWER:   Defendants deny the allegations contained in paragraph 19.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4038343.v1

20.     Accordingly, Van Noord is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the actions of VNA.

**ANSWER:     Defendants deny the allegations contained in paragraph 20.**

## CAUSES OF ACTION

21.     Plaintiff re-alleges and incorporates, as if set forth herein, paragraphs 1 through 15 *[sic]* above.

**ANSWER:     Defendants repeat and incorporate their answers to the allegations contained in paragraphs 1 through 20 of Plaintiff's Complaint as though fully restated herein.**

22.     Defendants have infringed Plaintiff's copyrights in and to the above-described image by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photographs within the United States in violation of the copy rights of Title 17.

**ANSWER:     Defendants deny the allegations contained in paragraph 22.**

23.     Additionally, Defendants violated the DMCA by removing or obscuring Oppenheimer's copyright management information ("CMI").

**ANSWER:     Defendants deny the allegations contained in paragraph 23.**

24.     In creating the derivative identified above, one, the other, or both Defendants intentionally removed, obscured, and/or omitted Plaintiff s CMI from copies of Plaintiff's works.

**ANSWER:     Defendants deny the allegations contained in paragraph 24.**

25.     One, the other, or both Defendants distributed copies or derivatives of such works knowing that such CMI had been removed, obscured, or omitted without authorization.

**ANSWER:     Defendants deny the allegations contained in paragraph 25.**

26.     At the time Plaintiff's copyright management information was removed, obscured, or omitted from copies of his work, and at the time they distributed copies of the works from which the copyright management information had been removed, obscured, or omitted, one, the other, or both

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4038343.v1

Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of Oppenheimer's copyrights.

**ANSWER:     Defendants deny the allegations contained in paragraph 26.**

27.     Oppenheimer is entitled and seeks to recover statutory damages from Defendants not exceeding $25,000 for *each act* committed in violation of his rights under 17 U.S.C. § 1202.

**ANSWER:     Defendants deny the allegations contained in paragraph 27.**

28.     Pursuant to 17 U.S.C. § 1203(b)(5), Oppenheimer is entitled and seeks to recover his reasonable attorney's fees.

**ANSWER:     Defendants deny the allegations contained in paragraph 28.**

## CAUSATION/DAMAGES

29.     As a direct and proximate result of Defendants' above-described acts of copyright infringement and DMCA violations, Oppenheimer has sustained actual damages in an amount not yet ascertained, but which is believed to be in excess of $150,000. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue; disgorgement of defendants' profits attributable to their infringements; statutory damages; research time tracking down and documenting the infringements; attorney time spent placing joint infringers on notice of the infringements; and getting the images removed from servers and web sites. In addition to damages for copyright infringement, Plaintiff seeks recovery of DMCA penalties as set out in paragraphs 22 - 28 above.

**ANSWER:     Defendants deny the allegations contained in paragraph 29.**

## RELIEF REQUESTED

30.     Oppenheimer demands an accounting by Defendants of their activities in connection with their infringements of his copyrights in and to the above-described and attached works, as well as their gross profits and income derived therefrom.

**ANSWER:     Defendants deny the allegations contained in paragraph 30.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4038343.v1

31.     Oppenheimer is entitled and seeks to recover actual damages plus the profits of Defendants attributable to the infringements, as well as DMCA penalties not exceeding $25,000 for each act committed of his rights under 17 U.S.C. § 1202.

**ANSWER:     Defendants deny the allegations contained in paragraph 31.**

32.     Alternatively, because the image was registered prior to Defendants' infringements, Oppenheimer is entitled to and seeks to recover statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars), plus reasonable and necessary attorney's fees.

**ANSWER:     Defendants deny the allegations contained in paragraph 32.**

33.     Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images;

**ANSWER:     Defendants deny the allegations contained in paragraph 33.**

34.     That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Defendants;

**ANSWER:     Defendants deny the allegations contained in paragraph 34.**

35.     That Defendants be required, jointly and severally, to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendants' copyright infringements described herein;

**ANSWER:     Defendants deny the allegations contained in paragraph 35.**

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4038343.v1

36.     That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

**ANSWER:     Defendants deny the allegations contained in paragraph 36.**

37.     That Defendants jointly and severally be ordered to pay to Oppenheimer his costs and attorney's fees; and

**ANSWER:     Defendants deny the allegations contained in paragraph 37.**

38.     That Oppenheimer have such other and further relief as this court shall deem just and proper.

**ANSWER:     Defendants deny the allegations contained in paragraph 38.**

WHEREFORE, these Defendants respectfully request that this Honorable Court dismiss the Plaintiff's Complaint, and grant any other relief deemed to be equitable and just.


DATED: June 29, 2017                       /s/  Sheila E. Eddy
                                       Thomas W. Aycock (P69231)
                                       Sheila E. Eddy (P76395)
                                       SMITH HAUGHEY RICE & ROEGGE
                                       Attorneys for Defendants Calvin Van Noord and
                                          Van Noord & Associates, Inc.
                                       100 Monroe Center NW
                                       Grand Rapids, MI 49503-2802
                                       616-774-8000
                                       taycock@shrr.com
                                       seddy@shrr.com


## AFFIRMATIVE DEFENSES

Defendants Calvin Van Noord and Van Noord & Associates, Inc., by and through their attorneys, Smith Haughey Rice & Roegge, state for their Affirmative Defenses to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

SHRR\4038343.v1

## SECOND DEFENSE

Plaintiff's claims are barred by its own improper conduct or "unclean hands."

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because they were not timely brought within the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiff's claims are precluded, in whole or in part, by the doctrines of Waiver, Estoppel, and Ratification.

## FIFTH DEFENSE

Plaintiff has failed to mitigate its injuries and/or damages, in that, despite Plaintiff's alleged knowledge of the claimed infringement, Plaintiff did nothing to remedy the harm until bringing this action, such that Plaintiff's relief should be proportionately reduced or denied in its entirety.

WHEREFORE, these Defendants hereby respectfully reserve the right to amend and supplement their Affirmative Defenses at such times as further facts upon which Plaintiff's causes of action are based are brought out through discovery proceedings.


DATED: June 29, 2017                          /s/  Sheila E. Eddy
                                              Thomas W. Aycock (P69231)
                                              Sheila E. Eddy (P76395)
                                              SMITH HAUGHEY RICE & ROEGGE
                                              Attorneys for Defendants Calvin Van Noord and
                                                 Van Noord & Associates, Inc.
                                              100 Monroe Center NW
                                              Grand Rapids, MI 49503-2802
                                              616-774-8000
                                              taycock@shrr.com
                                              seddy@shrr.com

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4038343.v1

## RELIANCE ON JURY DEMAND

Defendants Calvin Van Noord and Van Noord & Associates, Inc., by and through their attorneys,

Smith Haughey Rice & Roegge, hereby state their reliance on the Plaintiff's demand for a jury as to those

aspects to the Cause of Action which are not equitable in nature.

DATED: June 29, 2017                     /s/  Sheila E. Eddy
                                        Thomas W. Aycock (P69231)
                                        Sheila E. Eddy (P76395)
                                        SMITH HAUGHEY RICE & ROEGGE
                                        Attorneys for Defendants Calvin Van Noord and
                                          Van Noord & Associates, Inc.
                                        100 Monroe Center NW
                                        Grand Rapids, MI 49503-2802
                                        616-774-8000
                                        taycock@shrr.com
                                        seddy@shrr.com

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4038343.v1